UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MEDARDO ANTONIO PEREIRA PETIT,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION CENTER, et al.,

Respondents.

No. 1:26-CV-374-H

**ORDER**

Medardo Antonio Pereira Petit entered the United States illegally five years ago.[1] In July 2026, he was detained by ICE following a traffic stop. Dkt. No. 1 at 2. He is presently in ICE custody. *Id.* at 2, 8. Before the Court is his habeas petition, which demands his immediate release or a bond hearing based on the Fourth Amendment and the Due Process Clause of the Fifth Amendment. *Id.* at 8–11.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Pereira Petit's petition, and it has determined that:

---

[1] In his habeas petition, Pereira Petit pleads only that he "has lived in the United States since October 2021." Dkt. No. 1 at 1. The record provides further clarification. Pereira Petit is a citizen of Venezuela who illegally entered the United States near Del Rio on or about September 17, 2021. *See* Dkt. No. 7-1 at 2. In his reply, Pereira Petit acknowledges he "entered the United States," and he does not challenge the description of his entry in the Notice to Appear form in the record. *See* Dkt. No. 10; Dkt. No. 7-1 at 2 (Notice to Appear form).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[2] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

Pereira Petit's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Pereira Petit is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on October 2, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 181 F.4th 702 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.